## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **STAVROS INEMBOLIDIS**<br>360 South Huron Avenue<br>Columbus, Ohio 43204<br><br>    Plaintiff,<br><br>    v.<br><br>**CAVALRY SPV I, LLC**<br>c/o CT CORPORATION SYSTEM<br>1300 East Ninth Street<br>Cleveland, Ohio 44114<br><br>    &<br><br>**LLOYD & MCDANIEL, PLC**<br>P.O. Box 23200<br>Louisville, Kentucky 40223<br><br>    Defendants. | CASE NO.: 2:17-CV-94<br><br>JUDGE:<br><br>MAGISTRATE JUDGE: |

### COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF

### JURY DEMAND ENDORSED HEREON

The following allegations are based upon Plaintiff Stavros Inembolidis's ("Mr. Inembolidis") personal knowledge, the investigation of counsel, and information and belief.  Mr. Inembolidis, through counsel, alleges as follows:

### INTRODUCTION

1. Defendant Lloyd & McDaniel, PLC ("Lloyd & McDaniel"), a debt collector and law firm, filed a lawsuit against Mr. Inembolidis on a debt barred by the applicable statute of limitations.

2. Defendant Cavalry SPV I, LLC ("Cavalry"), a debt buyer and debt collector, filed a lawsuit against Mr. Inembolidis on a debt barred by the applicable statute of limitations.

3. Lloyd & McDaniel filed the state court lawsuit on behalf of Cavalry when it knew or should have known neither it nor its client had the means to prove Cavalry was entitled to enforce an alleged debt against Mr. Inembolidis.

4. Cavalry filed the state court lawsuit when it knew or should have known neither it nor its attorney had the means to prove Cavalry was entitled to enforce an alleged debt against Mr. Inembolidis.

5. Mr. Inembolidis institutes this action based upon Lloyd & McDaniel's and Cavalry's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq.* and violations of Ohio's Consumer Sales Practices Act ("CSPA"), R.C. 1345.01 *et seq.*

## JURISDICTION AND VENUE

6. Mr. Inembolidis incorporates all other paragraphs of this Complaint by reference as though fully written here.

7. The Court has subject matter jurisdiction over Count One under 28 U.S.C. 1331 and 1337 and 15 U.S.C. 1692 *et seq.*, because Count One alleges violations of federal law.

8. The Court has supplemental jurisdiction over the state law claims in Count Two under 28 U.S.C. 1367 because those claims arise from the same case or controversy.

9. This Court has personal jurisdiction over Defendants because Defendants transact business within this District and the alleged debt was incurred within this District. *International Shoe v. Washington*, 326 U.S. 310 (1945).

Venue is proper in accordance with 28 U.S.C. 1391(b)(3), as Defendants are subject to personal jurisdiction in this District.

## PARTIES

10. Mr. Inembolidis incorporates all other paragraphs of this Complaint by reference as though fully written here.

11. Mr. Inembolidis is a natural person currently residing within this Court's jurisdiction at 360 South Huron Avenue, Columbus, Ohio 43204

12. Mr. Inembolidis is and was allegedly obligated to pay an alleged credit card debt ("the Alleged Debt").

13. The Alleged Debt was primarily incurred for personal, family, and household purposes.

14. The Alleged Debt is a Debt within the meaning of the FDCPA, 15 U.S.C. 1692a(5).

15. At all times relevant to this transaction, Mr. Inembolidis is and was a Consumer within the meaning of 15 U.S.C. 1692a(3).

16. Lloyd & McDaniel is a law firm with its principal place of business in Kentucky.

17. Lloyd & McDaniel and Cavalry regularly use the mails and telephonic communications with the principal purpose of collecting a debt.

18. Lloyd & McDaniel regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

19. Cavalry regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

20. Cavalry regularly purchases debts that are already in default and then collects or attempts to collect said purchased debts.

21. At all times relevant to this transaction, Defendants Lloyd & McDaniel and Cavalry was and are Debt Collectors within the meaning of 15 U.S.C. 1692a(6).

22. Cavalry allegedly took assignment from the original creditor of its loan with Mr. Inembolidis.

23. The transaction between Mr. Inembolidis and the original creditor allegedly included a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to Mr. Inembolidis for purposes that are primarily personal, family, or household, or solicitation to supply any of these things.

24. The Alleged Debt whereby Mr. Inembolidis is allegedly obligated to pay Cavalry in exchange for the use of open-ended credit on terms described in a contract is a Consumer Transaction within the meaning of R.C. 1345.01(A).

25. Lloyd & McDaniel engaged in debt collection to collect on the Alleged Debt on behalf of Cavalry.

26. At all times relevant to this transaction, Mr. Inembolidis was allegedly engaged in a consumer transaction with the original creditor Citi Diamond Preferred Card, each assignee, and eventually Cavalry as the debt buyer.

27. At all times relevant to this transaction, Lloyd & McDaniel was effecting a consumer transaction between Cavalry and Mr. Inembolidis.

28. At all times relevant to this transaction, Mr. Inembolidis was and is a Consumer within the meaning of R.C. 1345.01(D).

29. At all times relevant to this transaction, Cavalry was and is engaged in the business of effecting or soliciting a consumer transaction.

30. Lloyd & McDaniel's debt collection activities described herein were effecting the consumer transaction, that is the fulfillment of the Alleged Debt, by amongst other things demanding payment from Mr. Inembolidis and filing suit against Mr. Inembolidis.

31. At all times relevant to this transaction, Cavalry was and is a Supplier within the meaning of R.C. 1345.01(C).

## FACTUAL ALLEGATIONS

32. Mr. Inembolidis incorporates all other paragraphs in this Complaint by reference as though fully written here.

33. Each action or inaction alleged herein against any Defendant is also an allegation of action or inaction by that of Defendant's agents, predecessors, successors, employees, contractors, assignees, and servicers, as appropriate.

34. On October 3, 2016, Lloyd & McDaniel filed suit in the Franklin County Municipal Court in on behalf of Cavalry alleging that Mr. Inembolidis owes Cavalry $11,913.63.00 ("the Debt Collection Lawsuit").

35. Filing a debt collection lawsuit is an attempt to collect a debt.

36. Lloyd & McDaniel and Cavalry filing of the debt collection lawsuit were communications to Mr. Inembolidis in regards to the collection of a debt or alleged debt pursuant to the FDCPA.

37. Cavalry is an entity organized under the laws of Delaware with its principal place of business in New York.

38. As the purported owner of a credit card debt between Cavalry and Mr. Inembolidis, Cavalry was entitled to collect payments under the terms of the underlying credit card contract.

39. The original owner of the alleged debt was Citi Diamond Preferred Card.

40. Pursuant to the credit card agreement, payments were to be made to Citi Diamond Preferred Card located in Kentucky.

41. Cavalry's cause of action against Mr. Inembolidis accrued in Kentucky when Mr. Inembolidis allegedly failed to make payment on demand to the creditor in Kentucky.

42. By Mr. Inembolidis's alleged nonpayment, Cavalry suffered loss, if any, in Kentucky.

43. Ohio's statute of limitation on an open-ended credit debt is six years from the date the cause of action accrued. R.C. 2305.07.

44. Kentucky's statute of limitation on an open-ended credit debt is five years from the date the cause of action accrued. KRS 413.120(1), (10)-(11).

45. For causes of actions brought in Ohio which accrued in a state other than Ohio, Ohio law prohibits the filing of a suit after the subject state's shorter statute of limitation has expired. R.C. 2305.03(B).

46. Mr. Inembolidis purportedly defaulted on the Alleged Debt when he first failed to make his full credit card payment on time.

47. Mr. Inembolidis purportedly defaulted on the Alleged Debt by at least September 23, 2011.

48. The statute of limitation for filing lawsuits to recover the Alleged Debt expired by at least September 23, 2016.

49. The Complaint initiating the state court action against Mr. Inembolidis was filed by the Defendant on October 3, 2016 and was time-barred by Ohio law.

50. On November 10, 2016, counsel for Mr. Inembolidis filed a Notice of Appearance in the Debt Collection Lawsuit and served that notice on Defendant the same day by electronic mail.  A true and accurate copy of the Notice of Appearance is attached as Exhibits A and B.

51. On November 10, 2016, counsel for Mr. Inembolidis filed a Motion for More Definite Statement and served that notice on Defendant the same day by electronic mail.  A true and accurate copy of the Motion for More Definite Statement is attached as Exhibit C.

52. On December 7, 2016, the Court granted Mr. Inembolidis' Motion for More Definite Statement and ordered Cavalry to file a more definite statement by December 23, 2016. A true and accurate copy of the Court's Entry is attached as Exhibit D.

53. Cavalry and Lloyd & McDaniel failed to file a more definite statement as ordered by the court.

54. On December 30, 2016, counsel for Mr. Inembolidis filed a Motion to Dismiss. A true and accurate copy of the Motion to Dismiss is attached as Exhibit E.

55. On January 4, 2017, Cavalry and Lloyd & McDaniel voluntarily dismissed the Complaint against Mr. Inembolidis. A true and accurate copy of the Dismissal is attached as Exhibit F.

56. Cavalry and Lloyd & McDaniel filed the debt collection lawsuit without the means to prove the debt is owed to Cavalry.

57. Cavalry and Lloyd & McDaniel filed the Debt Collection Lawsuit without performing an adequate investigation into Cavalry's alleged claim against Mr. Inembolidis.

58. Cavalry and Lloyd & McDaniel knew or should have known when it filed the debt collection lawsuit that it could not prove that Mr. Inembolidis owed Cavalry money.

59. Cavalry and Lloyd & McDaniel knew or should have known that the statute of limitations for filing suit on the Alleged Debt had expired.

60. Neither Cavalry nor Lloyd & McDaniel has or had any proof that the Alleged Debt had been transferred from Citi Diamond Preferred Card to Cavalry.

61. Neither Cavalry nor Lloyd & McDaniel has or had any proof of the chain of title of ownership from Citi Diamond Preferred Card, to middle man assignees, and eventually to Cavalry.

62. As a result of the debt collection lawsuit, Mr. Inembolidis was forced to incur legal fees in defense of the claims in each of the debt collection lawsuit.

63. The legal fees and expenses Mr. Inembolidis incurred as a result of Cavalry and Lloyd & McDaniel's improper debt collection activities and violations of the FDCPA are actual damages to which Mr. Inembolidis is entitled under the FDCPA.

64. Mr. Inembolidis contested the Debt Collection Lawsuit by filing a Motion for a More Definite Statement and a Motion to Dismiss.

65. As a result of Mr. Inembolidis' Motion for a More Definite Statement and Motion to Dismiss, Cavalry and Lloyd & McDaniel dismissed the Debt Collection Lawsuit before the Court could rule on the motion.

## COUNT ONE – FDCPA VIOLATIONS

66. Mr. Inembolidis incorporates all other paragraphs in this Complaint by reference as though fully written here.

67. For all the reasons stated herein, Cavalry and Lloyd & McDaniel violated the FDCPA.

68. Cavalry and Lloyd & McDaniel violated the FDCPA by filing the state debt collection lawsuits without the means to prove Cavalry was entitled to collect upon the debt.

69. Cavalry and Lloyd & McDaniel violated the FDCPA because they knew or should have known when it filed the debt collection lawsuits that it could never prove that Mr. Inembolidis owed Cavalry money.

70. Cavalry and Lloyd & McDaniel violated the FDCPA because they knew or should have known any claim Cavalry had was time-barred at the time it filed suit against Mr. Inembolidis on behalf of Cavalry.

71. Cavalry and Lloyd & McDaniel failed to perform an adequate investigation into the basis of the loan at the time it filed suit against Mr. Inembolidis on behalf of Cavalry.

72. Cavalry and Lloyd & McDaniel actions described in the Factual Allegations and Count One are deceptive, misleading, unfair, and unconscionable practices in connection with the collection of a debt. 15 U.S.C. 1692e, 15 U.S.C. 1692f.

73. Mr. Inembolidis was damaged by Defendant's actions as described herein.

74. For all the reasons stated herein, Cavalry and Lloyd & McDaniel are liable to Mr. Inembolidis in an amount of at least Mr. Inembolidis' actual damages for each of Defendant's violations of the FDCPA, 15 U.S.C. 1692k(a)(1); statutory damages of at least $1,000, 15 U.S.C. 1692k(a)(2)(A); and the costs of this action including Mr. Inembolidis' attorney's fees, 15 U.S.C. 1692k(a)(3).

## COUNT TWO – CSPA VIOLATIONS

75. Mr. Inembolidis incorporates all other paragraphs in this Complaint by reference as though fully written here.

76. At all times relevant to this incident, Cavalry and Lloyd & McDaniel was and are subject to Ohio's Consumer Sales Practices Act, R.C. 1345.01, *et seq.*

77. Violations of the FDCPA have been determined by a court of this state to violate the CSPA, and that decision and others were made available for public inspection under R.C. 1345.05(A)(3) prior to this consumer transaction.   *See e.g. Becker v. Montgomery Lynch*, PIF 10002153 (April 30, 2003).

78. Cavalry and Lloyd & McDaniel's actions described in Count One and Count Two and the Factual Allegations of this Complaint are unfair or deceptive acts or practices in violation of Ohio's CSPA, R.C. 1345.02.

79. Cavalry and Lloyd & McDaniel's actions described in Count One and County Two and the Factual Allegations of this Complaint are unconscionable consumer sales acts or practices in violation of Ohio's CSPA, R.C. 1345.03.

80. Cavalry and Lloyd & McDaniel had knowledge of the facts that constituted the violations of the CSPA.

81. Cavalry and Lloyd & McDaniel's actions described in Count One and Count Two and the Factual Allegations of this Complaint were committed with knowledge within the meaning of R.C. 1345.01(E).

82. Mr. Inembolidis was injured by Cavalry and Lloyd & McDaniel's actions described herein.

83. Mr. Inembolidis seeks a declaratory judgment finding Cavalry and Lloyd & McDaniel's acts described herein to violate the CSPA pursuant to R.C. 1345.09(D).

84. Cavalry and Lloyd & McDaniel are liable to Mr. Inembolidis for at least treble his actual damages or $200.00 per violation, whichever is greater; $5,000.00 in non-economic damages; reasonable attorney fees, and costs all pursuant to R.C. 1345.09.

### PRAYER FOR RELIEF

**WHEREFORE**, Mr. Inembolidis respectfully prays that this Court:

    A. Assume jurisdiction of this case;

    B. Grant Mr. Inembolidis judgment on all of his claims;

    C. Grant Mr. Inembolidis the maximum damages he seeks under each Count, including the maximum statutory damages available under each claim where statutory damages are available, and the maximum economic and non-economic damages available, including actual, emotional, general, punitive, and other damages;

D.  Declare Cavalry and Lloyd & McDaniel's acts and practices described herein to

   violate the CSPA;

E.  Award Mr. Inembolidis the costs of this litigation, including filing fees and costs;

F.  Award Mr. Inembolidis his attorney's fees, with appropriate multiplier; and

G.  Award such other relief as the Court deems appropriate.

Dated this 1st day of February 2017.

<div style="margin-left:40%;">

Respectfully Submitted,

**BUTTARS, RICHARDSON & SNYDER LLC**

/s/ Karl W. Snyder
Karl W. Snyder, Trial Counsel (0091219)
Randy Richardson (0034456)
6059 Frantz Road, Suite 201
Dublin, Ohio 43017
Phone: (937) 985-3066
karl@abkslaw.com
randy@abkslaw.com
*Attorneys for Plaintiff Stavros Inembolidis*

</div>

## JURY TRIAL DEMANDED

Mr. Inembolidis respectfully requests a jury trial on all triable issues.

<div style="margin-left:40%;">

/s/ Karl W. Snyder
Karl W. Snyder, Trial Counsel (0091219)

</div>